Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NOBLE GORDON,** | **Case No.:** |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES** |
| | **1. VIOLATION OF THE TELEPHONE CONSUMER** |
| **v.** | **PROTECTION ACT,  47 U.S.C. §227 ET. SEQ.;** |
| **COLLECTO, INC., d/b/a EOS CCA,** | **2. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES** |
| **Defendant.** | **ACT, 15 U.S.C. §1692 ET. SEQ.;** |
| | **3. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.** |
| | **JURY TRIAL DEMANDED** |

## COMPLAINT

NOBLE GORDON ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against EOS CCA ("DEFENDANT"):

**INTRODUCTION**

1.      Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et. seq.* ("RFDCPA").

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court arises for the TCPA claims under 28 U.S.C. §1331, for the FDCPA claims under 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and hear before "any appropriate United States district court without regard to the amount in controversy," and for the RFDCPA claims under 28 U.S.C. §1367 as they are part of the same case and controversy as claims arising from the same facts. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012)

3.      Defendant regularly conducts business in the State of California, thus, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.      Plaintiff is a natural person residing in Chaddsford, California 93561.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7.      Plaintiff is a "consumer" pursuant to 15 U.S.C. § 1692a(3).

8.     Plaintiff is a "person" with standing to bring this suit pursuant to 15 U.S.C. §1692k(a).

9.     Defendant is a debt collection company with its principal place of business located at 700 Longwater Drive, Norwell, MA 02061.

10.    Upon information and belief, Defendant is in the business of providing call center, collections and debt purchase services to companies in the United States.

11.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

12.    Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

13.    At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. §1692(a)(6), and repeatedly contacted Plaintiff in its attempts to collect a "debt" as defined by 15 U.S.C. §1692(a)(5) and RFDCPA at Cal. Civ. Code §1788.2(f) for another person.

14.    As a part of its regular business, Defendant attempts to collect debt from natural persons.

15.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16.     Plaintiff has a cellular telephone number.

17.     Plaintiff has only used this phone as a cellular telephone.

18.     Beginning in or before September 2015 and continuing through around February 2018, Defendant placed repeated, continuous telephone calls to Plaintiff's cellular telephone number.

19.     Defendant called Plaintiff from multiple telephone numbers, including, but not limited to (855) 974-6089. The undersigned has since confirmed this is a number associated with Defendant.

20.     At all relevant times Defendant was seeking to collect an alleged consumer debt from Plaintiff.

21.     Plaintiff has no business debts, and all debts Plaintiff has incurred were for personal, family, or household purposes.

22.     Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

23.     Plaintiff knew that Defendant was using an automatic telephone dialing system, automated message and/or prerecorded voice because when he answered calls he would be greeted with a prerecorded voice before the call was transferred to a live representative.

24.     Defendant's telephone calls were not made for "emergency purposes."

25.    Desiring to stop the repeated telephone calls, Plaintiff spoke with Defendant's agents and told them to stop calling him shortly after the calls started.

26.    Plaintiff repeated this request for calls to cease on numerous occasions.

27.    However, Defendant continued to place autodialed debt collection calls to the Plaintiff's cellular telephone through February 2018.

28.    Plaintiff found Defendant's repeated autodialed calls to be invasive, harassing, frustrating, annoying, aggravating, and upsetting.

29.    Upon information and belief, Defendant conducts business in a manner which violates the TCPA, the FDCPA, and the FCCPA.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

30.    Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

31.    Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

32.    Defendant initiated calls to Plaintiff's cellular telephone using a pre-recorded or artificial voice.

33.    Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

34.    Defendant's calls were to Plaintiff were not made for "emergency purposes."

35.    After Plaintiff told Defendant to stop calling, Defendant knew or should have known that it did not have consent to call and/or that any consent it thought it had was revoked.

36.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38.    Lastly, in its attempts to collect the debt, Defendant failed to send Plaintiff written correspondence, within five (5) days of its initial communication with him, advising her of her rights to dispute the debt and/or to request verification of the debt.

39.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED §1692d AND §1692d(5) OF THE FAIR DEBT COLLECTION PRACTICES ACT

40.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

41.     Section 1692d of the FDCPA prohibits debt collects from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

42.     Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the number.

43.     Defendant violated §1692d and §1692d(5) of the FDCPA when it placed repeated and continuous calls to Plaintiff's cellular telephone despite having been informed that its calls were unwanted within the one year period preceding the filing of this Complaint.


## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

44.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

45.     Section 1788.17 of the California Civil Code mandates that every debt

PLAINTIFF'S COMPLAINT

collector attempting to collect a consumer debt shall comply with §1692b through §1692j of the FDCPA.

46.   Defendant violated Cal. Civ. Code §1788.17, when it violated the FDCPA for the reasons set forth in Count II of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, NOBLE GORDON, respectfully prays for a judgment as follows:

a.   All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A) and/or 15 U.S.C. §1692k(a)(1);

b.   Statutory damages of $1,000.00 for violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.   All reasonable attorneys' fees, witness fees, court costs, and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3);

d.   All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17;

e.   Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

PLAINTIFF'S COMPLAINT

f.   Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

g.   Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

h.   Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, NOBLE GORDON, demands a jury trial in this case.

Respectfully submitted,

DATED: February 8, 2019

By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esq. (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff